LAKE ERIE AND WESTERN RAILWAY COMPANY

v.

ALPHONSO A. OAKES.

1. COMMON CARRIER—DAMAGED GOODS.—It is sometimes held that when goods are delivered in good order to the first carrier the presumption will be indulged that they continue in that condition until the contrary is shown; and in such cases the burden is upon the carrier in whose hands the goods are found in a damaged condition to show they were damaged before he received them.

2. ACTION FOR DAMAGE TO GOODS.—In an action against a carrier for delivering goods in a damaged condition the burden is upon the plaintiff to prove that they were damaged while in possession of the carrier. Proof that they were in good condition when shipped may raise a presumption and cast the burden upon the last carrier of proving their condition when received by him.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed October 24, 1882.

Messrs. KERRICK, LUCAS & SPENCER, for appellant; that plaintiff must prove that the damage was done by appellant, cited C. & N. W. R. R. Co. v. N. L. Packet Co. 70 Ill. 222; Evans v. A. & W. R. R. Co. 56 Ga. 498; C. & A. R. R. Co. v. Benjamin, 63 Ill. 283; Anchor Line v. Dayton, 68 Ill. 369.

Messrs. STEVENSON & EWING, for appellee; that common carriers are insurers of goods received by them, cited Ill. Cent. R. R. Co. v. Frankenberg, 54 Ill. 88.

The receipt of goods is *prima facie* evidence to charge the carrier unless it can show the injury was done while in the possession of some previous carrier: G. W. R. R. Co. v.

McDonald, 18 Ill. 172; Adams Ex. Co. v. Stettauers, 61 Ill. 184.

Where goods are shipped over a continuous line of railroad, and damage occurs, the owner may sue the first road, and it is then immaterial where or by whom the loss occurred: Ill. Cent. R. R. Co. v. Frankenberg, 54 Ill. 88; C. & N. W. R. R. Co. v. M. L. Packet Co. 70 Ill. 217; Langdon v. C. & N. R. R. Co. 28 Wis. 204.

McCulloch, J. The proof in this case fails to make out appellee's claim. The goods were shipped on a through car from Cincinnati to Bloomington, which did not belong to appellant. The car first came on appellant's road at Lima, in the State of Ohio, and there is no attempt to prove the condition of the goods at that point. A bill for the freight was made out at Bloomington after the goods had arrived there showing one piece broken, but no shipping bill or bill of lading appears in the evidence.

It is sometimes held that when goods are delivered in good order to the first carrier, the presumption will be indulged that they continue in that condition until the contrary is shown. In such cases the burden of proof is thrown upon the carrier in whose hands the goods are found in a damaged condition to show they were damaged before he received them. Hutchinson on Carriers, § 761 and note; Laughlin v. C. & N. W. Ry. Co. 28 Wis. 204. Other authorities hold directly the contrary doctrine. Darling v. B. & W. R. R. Co. 11 Allen, 295; M. H. & O. R. R. Co. v. Kirkwood, 45 Mich. 51.

It devolves upon the plaintiff to show by a preponderance of evidence that the goods were injured while in defendant's hands. Had there been a bill of lading issued by the first carrier showing the goods to have been in good condition when shipped, that, under the class of decisions first alluded to above, might have raised a presumption of their good condition when they came into the hands of appellant. But it is not shown by the evidence over what road they were first shipped, nor in what condition they were when delivered to that road. The only evidence touching their condition is that furnished by the wife of appellee, who testifies they were in good

condition when packed at her house before shipment. This is too remote. To charge appellant in any event it must at least appear they were in good condition when delivered to the first carrier on the route. Should that be the only proof, the question of law involved in the case will be fairly before the court. The judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.